**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, | Case No.: 2:20-cv-00699-JCM-NJK |
|      Plaintiff(s), | **Order** |
| v. | [Docket No. 31] |
| TICOR TITLE OF NEVADA, INC., et al., | |
|      Defendant(s). | |

Pending before the Court is Defendant Chicago Title Insurance Company's motion to compel initial disclosures. Docket No. 31. Plaintiff Carrington Mortgage Services filed a response in opposition. Docket No. 32. Chicago Title filed a reply. Docket No. 37. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED**.

**I.    BACKGROUND**

Thousands of cases were filed in the last decade seeking adjudication of competing rights to properties that were foreclosed under homeowners' association liens. *E.g.*, *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742 (2014). With respect to the property at 9508 Bluff Ledge Avenue, a quiet title suit was brought against Carrington in 2017. *See* Compl. at ¶ 33; *see also Prosper Invs., LLC v. Carrington Mort. Servs., LLC*, Case No. 2:17-cv-00672-APG-DJA (D. Nev.).[1] That lawsuit eventually ended in early 2020 when the parties thereto stipulated to dismissal upon reaching a settlement. *See* Compl. at ¶ 66.

---

[1] That was the second case with respect to the HOA foreclosure on this property, as there was an earlier suit involving Bank of America. *See* Compl. at ¶¶ 30, 32.

On April 16, 2020, Carrington brought the instant action in state court for claims arising out of title insurance on the property. *See id.* at ¶¶ 24-29. Carrington alleges a breach in the title insurance policy requirement to indemnify and defend it in the underlying litigation. *See, e.g.*, *id.* at ¶¶ 29, 64. On April 17, 2020, Chicago Title removed the case to federal court on the basis of diversity jurisdiction. *See* Docket No. 1. Motion practice ensued following removal, with the filing of motions to dismiss and a motion to remand. Docket Nos. 7, 9, 13. Those motions remain pending.

On May 21, 2020, counsel held a conference as required by Rule 26(f) of the Federal Rules of Civil Procedure. *See* Docket No. 24 at 1. Counsel agreed to exchange initial disclosures by June 4, 2020, and the Court ordered the same. *See id.* at 2.

On May 29, 2020, Carrington served initial disclosures that include the following damages computation:

> Carrington seeks the difference between the loan value and settlement with the HOA-sale purchaser, which will be disclosed pursuant to an agreed-upon stipulated protective order. The fees and costs incurred by Carrington will be disclosed pursuant to an agreed-upon stipulated protective order. Carrington also requests punitive damages in an amount to be determined at trial. Carrington reserves the right to amend this disclosure.

Docket No. 31-2 at 6.[2] The parties are now before the Court on a dispute as to the sufficiency of this disclosure.

## II.   STANDARDS

Parties must provide initial disclosures to one another without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1)(A). The disclosures must include a computation of each category of damages claimed by the plaintiff. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

"Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure." *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220 (N.D. Cal. 2003). Courts apply the rules governing initial disclosures with an eye toward "common

---

[2] The parties identify this document as providing the initial disclosures in this case, but the caption reflects that it was served in relation to "Case No.: 2:17-cv-02381-JAD-CWH." *Id.* at 1. The Court assumes that is a typographical error.

sense." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592 (D. Nev. 2011) (citing *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004)).  "The level of specificity for the damages computation varies depending on the stage of the litigation and the claims at issue."  *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017) (quoting *Tutor-Saliba*, 218 F.R.D. at 220).

"A party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E).[3]  As such, "a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person."  Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment.  A less developed damages computation may also suffice at the initial stages of litigation when a fulsome computation requires expert analysis or discovery.  *See Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569-70 (C.D. Cal. 2009); *Tutor-Saliba* 218 F.R.D. at 222.  While this case law provides flexibility as appropriate based on the circumstances of a particular case, litigants should not confuse it as an invitation to engage in gamesmanship with respect to their initial disclosure obligations.  *Cf. Jackson*, 278 F.R.D. at 592 (warning against gamesmanship with respect to initial disclosure obligations).  The key to the analysis is whether the required information is "reasonably available" to the plaintiff.  *Silvagni*, 320 F.R.D. at 241.  When a plaintiff knows at the outset the information necessary for a fully articulated damages computation, it must provide one.

Failure to comply with the initial disclosure requirements can give rise to a variety of consequences.  For example, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure."  Fed. R Civ. P. 37(a)(3)(A).  An "incomplete disclosure . . . must be treated as a failure to disclose."  Fed. R. Civ. P. 37(a)(4).  The party resisting disclosure bears the burden of persuasion with respect to the motion to compel.  *Cf. V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d

---

[3] "A party is not excused from making its disclosures because it has not fully investigated the case . . . ." Fed. R. Civ. P. 26(a)(1)(E).

418, 429 (9th Cir. 1975)).  If the movant succeeds in the motion to compel, it may be entitled to an award of expenses.  Fed. R. Civ. P. 37(a)(5)(A).

### III.    DISCLOSURE ANALYSIS

The damages computation that Carrington provided in its initial disclosures includes three parts:  (1) the difference between the loan value and the settlement in the underlying litigation; (2) the fees and costs incurred by Carrington in the underlying litigation; and (3) the punitive damages Carrington intends to seek at trial.  Docket No. 31-2 at 6.  Chicago Title's motion challenges the sufficiency of Carrington's disclosure with respect to the first two categories of damages.[4]

### A.    Fees and Costs

Carrington has identified as an element of damages the "fees and costs" it incurred in underlying litigation without providing any actual amount of those fees and costs.  Docket No. 31-2 at 6.  Chicago Title objects to this omission given that such information is easily discernible because the underlying litigation is over.  *See* Mot. at 2, 5.  Chicago Title also argues that there is no confidentiality concern for this information such that a stipulated protective order must be in place before the disclosure is made.  *See id.* at 5.  Carrington provides no argument on this aspect of the motion to compel.  "[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."  *Stichting Pensioenfonds APB v. Countrywide Fin'l Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (collecting cases).  Accordingly, this aspect of the motion to compel will be granted as unopposed.

### B.    Difference between the Loan Value and Settlement Amount

The next issue before the Court is whether Carrington's damages calculation is sufficient in asserting without any specific monetary figures that it will seek damages in the amount of "the difference between the loan value and settlement with the HOA-sale purchaser, which will be disclosed pursuant to an agreed-upon stipulated protective order."  Docket No. 31-2 at 6.

---

[4] Filing a motion to compel requires counsel to engage in a prefiling conference.  Fed. R. Civ. P. 37(a)(1).  It is uncontested that a meet-and-confer took place during which counsel discussed the instant dispute.  *E.g.*, Docket No. 31-1 at ¶ 5.  The Court is not persuaded by Carrington's contention that the conference was not conducted in good faith.  *See* Resp. at 5-7.

Carrington asserts that this is a sufficient disclosure under case law explaining that damages computations may become more detailed as cases progress.  *See* Resp. at 2-4.  Chicago Title counters that the case law cited is of no aid to Carrington because, in this case, all of the information necessary to provide a damages figure is already known to Carrington.  *See* Mot. at 3-5.  Chicago Title has the better argument.

Based on the plain statement of this aspect of its damages disclosure, Carrington only requires two figures to provide an actual damages amount:  (1) the loan value for the mortgage and (2) the amount of the settlement in the underlying quiet title litigation.  Both of those figures are obviously known to Carrington now, as it is the successor in interest to the mortgagor (*see* Docket No. 1-2 at ¶¶ 8-9) and was a party to the settlement in the underlying litigation (*see id.* at ¶ 33, 66).  Carrington does not contend to the contrary.  As such, a complete damages computation with an actual amount of damages claimed can be provided at this time.

Carrington's tangential efforts to resist this outcome fall short.  First, Carrington contends that case law allows it to avoid providing an actual damages figure given the early stage of the litigation.  *See* Resp. at 2-4.  Carrington misreads the case law.  The cited authority does not provide that plaintiffs in all cases may delay providing an actual damages figure simply because the case is at an early stage.  The case law is instead sensitive to the fact that certain types of claims may require discovery or expert evaluation before a complete damages computation can be provided.  *See, e.g.*, *Silvagni*, 320 F.R.D. at 240 ("The level of specificity for the damages computation varies depending on the stage of the litigation *and the claims at issue*" (emphasis added)); *McSwiggin v. Omni Limousine*, Case No. 2:14-cv-02172-JCM-NJK, 2016 WL 1030053, at *4 (D. Nev. Mar. 20, 2016) (indicating that a basic formula may be sufficient as a damages computation at the beginning of the case "if [the plaintiff] cannot identify the specific dollar amount of damages pending further discovery"); *Cardoza v. Bloomin' Brands, Inc.*, Case No. 2:13-cv-01820-JAD-NJK, 2015 WL 3875916, at *2 (D. Nev. June 22, 2015) (same); *Allstate Ins. Co. v. Nassiri*, Case No. 2:08-cv-00369-JCM-GWF, 2011 WL 2977127, at *4 (D. Nev. July 21, 2011) (same).  At bottom, a damages computation must be provided based on the information reasonably available to the plaintiff.  Fed. R. Civ. P. 26(a)(1)(E).  The case law does not enable a plaintiff to hide the ball on

the pertinent information it already has with respect to its damages claim.  *See Frontline Medical*, 263 F.R.D. at 570 ("Future expert analysis does not relieve Plaintiff of its obligation to provide information reasonably available to it as to gross revenues, expenses and any other component of its lost profits computation"); *see also LT Game Int'l Ltd. v. Shuffle Master, Inc.*, Case No. 2:12-cv-01216-GMN-GWF, 2013 WL 321659, at *6 (D. Nev. Jan. 28, 2013) (recognizing that some cases may require discovery or expert disclosures before a precise damages computation is provided, but compelling amended damages computation to reflect the information already known to the plaintiff).  When the necessary information is known or reasonably available to provide a specific damages computation, then it must be provided.

The obvious problem for Carrington here is that it in fact possesses the information necessary to provide a dollar amount for its damages computation; this is not a situation in which discovery or expert opinion is needed for a specific damages computation to be provided.  As noted above, Carrington's own initial disclosure indicates that only two figures are required to calculate this aspect of its damages demand:  the loan value and the settlement amount.[5]  Both of these figures are currently known to Carrington.  Such a situation differs from instances in which the plaintiff does not have access at the initial stages of litigation to the information necessary to provide a fulsome damages computation.[6]

---

[5] In briefing the instant motion, Carrington now asserts that its damages recovery may turn on the "market value of the property securing Carrington's insured mortgage on the date of the loss of the mortgage, and on the date of loss itself."  Resp. at 2.  Carrington contends that additional information must be obtained because its recovery "arguably" could be offset in various ways if Chicago Title raises certain contentions that may be accepted by the Court.  *See id.* at 2-3.  Such speculation is not persuasive.  The damages computation is the amount of damages that a plaintiff claims and does not endeavor to actually calculate the amount of liability if the plaintiff prevails at trial.  *E.g.*, *Calvert v. Ellis*, Case No. 2:13-cv-00464-APG-NJK, 2015 WL 631284, at *2 (D. Nev. Feb. 12, 2015) (quoting *Smith v. Wal-Mart Stores, Inc.*, Case No. 2:13-cv-01597-MMD-VCF, 2014 WL 3548206, at *4 (D. Nev. July 16, 2014)); Fed. R. Civ. P. 26(a)(1)(A)(iii) ("a party must . . . provide . . . a computation of each category of damages *claimed by the disclosing party*" (emphasis added)).  The fact that later developments in the case could chip away at the damages claim does not alter that the plaintiff must actually identify the damages that it is seeking to recover.

[6] Carrington appears to argue that it would be unfair to commit to a specific amount now because it may seek a different amount later.  *E.g.*, Resp. at 1 (asserting that "it is too early in the litigation for Carrington to commit itself to a firm amount").  This argument ignores the fact that a damages computation may be supplemented if there are appropriate grounds for doing so.  *See* Fed. R. Civ. P. 26(e)(1).  Indeed, Carrington is already aware of this possibility since it expressly "reserve[d] the right to amend this disclosure."  Docket No. 31-2 at 6.

Second, Carrington contends that it is absolved from providing a rule-compliant disclosure because the settlement amount is confidential. *See* Resp. at 4-5. This contention is baseless. While it is certainly true that courts and litigants often treat settlement terms as confidential, *e.g.*, Local Rule 16-5, such confidentiality interests must generally yield to disclosure of the terms of a settlement agreement when directly implicated in the damages sought in a case, *e.g.*, *Harrison v. Bankers Standard Ins. Co.*, Case No. 13cv1682 BAS (JLB), 2015 WL 3617108, at *4 (S.D. Cal. June 9, 2015). In such circumstances, the information is shared between the parties but may otherwise be subject to protection through a stipulated protective order. *See E&R Venture Partners, LLC v. Park Central Plaza 32, LLC*, Case No. 2:16-cv-2959-RFB-GWF, 2017 WL 1734023, at *3 (D. Nev. May 2, 2017); *see also Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, Case No. 2:15-cv-02422-MMD-NJK, 2018 WL 834589, at *2 n.2 (D. Nev. Feb. 12, 2018) (collecting cases). That is particularly true in a case, like this one, where the parties to the settlement agreement do not object to its disclosure for purposes of the present litigation. *See* Reply at 5-6. Indeed, Chicago Title now has access to the settlement agreement, Docket No. 34,[7] rendering moot any concerns that Carrington has in providing the settlement amount as part of its initial disclosure damages computation.[8] Given these circumstances, the Court is not persuaded that Carrington can forego its duty to provide a rule-compliant disclosure based on the confidential nature of the terms in the underlying settlement agreement.[9]

---

[7] Carrington appears to argue that Chicago Title's receipt of the documents pertinent to its damages claim, such as this settlement agreement, free Carrington of the need to provide a rule-compliant damages computation. *See* Resp. at 6. Not so. The rules require a damages computation and the underlying documents. Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring a plaintiff to provide a damages computation and to "also make available" the underlying documents). Simply pointing to documents is not a substitute for disclosing a proper computation of the damages that the plaintiff will claim. *See Frontline Medical*, 263 F.R.D. at 569.

[8] Carrington suggests that it is not possible to keep an initial disclosure confidential. *See* Resp. at 4 n.1 (asserting that "a Rule 26(a)(1)(A) disclosure, while not filed, is not confidential"). Carrington presents no legal authority that an initial disclosure cannot be covered by the terms of a stipulated protective order.

[9] The parties must file a stipulated protective order by July 14, 2020, upon which good faith confidentiality designations may be made by the parties.

Lastly, Carrington argues that it should not be required to provide a rule-compliant damages computation because Chicago Title may use it to show that a sufficient amount in controversy exists for purposes of establishing diversity jurisdiction in relation to the pending motion to remand.  Resp. at 2, 6.  Carrington offers no legal authority that it is excused from complying with its disclosure obligations on the basis that a proper computation could prove useful to establish jurisdiction.  Nor does Carrington address the legal authority that is flatly contrary to its position.  *Crocker v. Sky View Christian Acad.*, Case No. 3:08-cv-00479-LRH-VPC, 2009 WL 77456, at *3 (D. Nev. Jan. 8, 2009) (rejecting argument that mandated disclosure of damages computation would circumvent removal requirements and ordering the disclosure of a proper computation for use by the defendants to establish subject matter jurisdiction); *see also Rushing v. Nev. Mut. Ins. Co.*, Case No. 2:13-cv-00683-APG-GWF, 2013 WL 2491359, at *2 (D. Nev. June 10, 2013) (chastising the plaintiff for arguing an insufficient amount in controversy while hiding the evidence relevant to that issue).  In short, the Court is not persuaded that Carrington should be permitted to sidestep its disclosure obligations simply because a proper disclosure may establish an element necessary for subject matter jurisdiction.

In light of the above, the damages computation provided is insufficient and a proper computation will be compelled.

**IV.   EXPENSES ANALYSIS**

Chicago Title also seeks an award of its expenses for prevailing on its motion.  *See* Mot. at 6-7.  Carrington opposes that request.  Resp. at 7-8.  Chicago Title has the better argument.

A pillar of federal litigation is that discovery should proceed with minimal involvement of the Court.  *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)).  Instead of forcing court involvement with every dispute, attorneys are expected to approach discovery with an eye toward cooperation, practicality, and sensibility.  *Cardinali v. Plusfour, Inc.*, Case No. 2:16-cv-02046-JAD-NJK, 2019 WL 3456630, at *11 (D. Nev. June 20, 2019).  The governing rules reflect this in several ways, including providing a presumption that reasonable expenses—including attorneys' fees—will be awarded to the party that prevails on a discovery motion.  Fed. R. Civ. P. 37(a)(5)(A); *see also*

*Olesczuk v. Citizens One Home Loans*, Case No. 2:16-cv-01008-GMN-NJK, 2016 U.S. Dist. Lexis 153342, at *3 (D. Nev. Nov. 4, 2016).[10]  By design, these "rules should deter the abuse implicit in carrying or forcing a discovery dispute to the court when no genuine dispute exists."  Fed. R. Civ. P. 37(a)(4) advisory committee's note to 1970 amendment; *see also Marquis Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978).

The losing party may rebut the presumption of an award of expenses by establishing that its nondisclosure, response, or objection was "substantially justified."  Fed. R. Civ. P. 37(a)(5)(A)(ii).[11]  Substantial justification exists when "reasonable people could differ on the matter in dispute."  *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006).[12]  The burden is on the losing party to establish substantial justification.  *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983)).  District courts have "great latitude" in imposing discovery sanctions. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

The Court is not persuaded in this case that Carrington was substantially justified.  With respect to the aspect of its damages related to its fees and costs in the underlying litigation, Carrington provides no argument at all as to how its initial disclosure was proper.  With respect to its damages for "the difference between the loan value and settlement with the HOA-sale

---

[10] Such expenses are awarded after an "opportunity to be heard."  Fed. R. Civ. P. 37(a)(5)(A).  An "opportunity to be heard" does not require either a formal hearing or a separate motion for an award of expenses.  *See, e.g., Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).  When a motion to compel seeks an award of expenses, a sufficient opportunity is afforded in that the responding party may present argument in its response to the motion to compel.  *Kiessling v. Rader*, Case No. 2:16-cv-0690-GMN-NJK, 2018 WL 1401972, at *5 (D. Nev. Mar. 20, 2018).

[11] An award of expenses is also unwarranted when the prevailing party did not conduct a meet-and-confer before seeking judicial intervention or when an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i), (iii).  The Court has already rejected above Carrington's argument that a proper meet-and-confer was not held prior to Chicago Title filing the instant motion.  Moreover, Carrington advances no argument that an award of expenses would be unjust.  Therefore, the Court focuses its analysis on the existence of substantial justification.

[12] The briefing at times addresses whether Carrington's positions have been advanced in "good faith."  *E.g.*, Reply at 8.  An award of expenses turns on whether the positions are substantially justified, not on whether they were advanced in good faith.  *See Kiessling*, 2018 WL 1401972, at *5 ("that a party might consider its own position reasonable does not establish substantial justification" (collecting cases)).

purchaser," Carrington obviously possesses the information necessary provide a figure for the damages it is claiming. Its tangential excuses for not providing that information are not grounded in the law and are otherwise not reasonable for the reasons explained above.

Accordingly, the Court finds that an award of expenses is appropriate. Although a meet-and-confer may not be required with respect to the amount of expenses to be awarded, counsel may find it in their best interest to engage in one. To the extent an agreement is not reached by the parties, Chicago Title must file a "Motion to Calculate Expenses" by July 21, 2020. That motion must include all necessary support to calculate reasonable expenses.

## V.     NOTICE TO COUNSEL

This is an insurance case presently before the Court on a dispute as to the sufficiency of an initial disclosure. The Court is surprised and dismayed by the animosity exhibited in the briefing, with competing accusations of bad faith and incompetence. Attorneys who feel compelled to try to tarnish opposing counsel in their briefing run the risk of damaging their own credibility and reputation with the Court. *Dunn v. Wal-Mart Stores, Inc.*, Case No. 2:12-cv-01660-GMN-VCF, 2013 WL 5940099, at *3 (D. Nev. Nov. 1, 2013). One does not need a crow's nest to see that the attorneys in this case "are entering treacherous waters and should try not to sink their own ship during that voyage." *Britain v. Clark County*, Case No. 2:12-cv-01240-JAD-NJK, 2017 WL 123431, at *2 n.4 (D. Nev. Jan. 11, 2017). The Court expects better moving forward.

## VI.     CONCLUSION

For the reasons discussed above, the motion to compel is **GRANTED**. Carrington must serve a rule-compliant damages computation no later than July 21, 2020.

IT IS SO ORDERED.

Dated: July 8, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

10