UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, <br><br> Plaintiff(s), <br><br> v. <br><br> TICOR TITLE OF NEVADA, INC., et al., <br><br> Defendant(s). | Case No. 2:20-CV-699 JCM (NJK) <br><br> ORDER |

Presently before the court is plaintiff Carrington Mortgage Services, LLC's ("Carrington") motions to remand (ECF No. 13) and for attorneys' fees (ECF No. 14). Defendant Chicago Title Insurance Company ("Chicago Title") filed a response (ECF No. 40), to which Carrington replied (ECF No. 43).

**I.     Background**

The instant action arises from an HOA superpriority lien foreclosure. Carrington is the beneficiary under a first recorded deed of trust encumbering the property located at 9508 Bluff Ledge Avenue, Las Vegas, Nevada 89149, which was subject to an HOA foreclosure sale pursuant to NRS chapter 116. (ECF No. 1-2 at 3–5). Carrington had a title insurance policy with Ticor Title of Nevada, Inc. ("Ticor Nevada") and/or Ticor Title Insurance Company ("Ticor Insurance"). *Id.* at 2–3. Chicago Title is the successor-in-interest to Ticor Insurance.[1] *Id.* at 2.

As a result of the HOA foreclosure sale, Carrington made a claim on its title insurance, which defendants denied. *Id.* at 6–9. Carrington brought the instant action in state court,

---

[1] Chicago Title indicates that Ticor Insurance merged into Chicago Title in 2010. (ECF No. 1 at 2).

**James C. Mahan**
**U.S. District Judge**

alleging declaratory judgment, breach of contract, "bad faith breach of insurance contract," and violation of Nevada Revised Statute ("NRS") 686A.310. *See generally id*.

Just one day after the case was filed—before any defendants were served—Chicago Title removed this action. (ECF No. 1). Carrington now moves to remand. (ECF No. 13).

## II.   Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against

removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

**III.   Discussion**

For a United States district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003). A removing defendant has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

Here, Carrington contends that Chicago Title's removal violated the "forum defendant rule," codified in 28 U.S.C. § 1441(b)(2), because codefendant Ticor Nevada is a Nevada corporation.[2] (*See generally* ECF No. 13).

**A.   "Snap" removal**

The forum defendant rule expressly prohibits removal based on diversity jurisdiction in cases where "any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which [the] action is brought." 28 U.S.C. § 1441(b)(2); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.").

However, the forum defendant rule "is a procedural, or non-jurisdictional, rule." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). Unlike procedural rules, "jurisdictional bars cannot be waived by the parties and may be addressed *sua sponte*," *Skranak v. Castenada,* 425 F.3d 1213, 1216 (9th Cir.2005).

The forum defendant rule's characterization as a procedural, rather than jurisdictional, rule has led to a new form of jurisdictional gamesmanship in litigation: "snap" removal.[3]

---

[2] Carrington withdrew its objections to the amount in controversy. (ECF No. 48).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Because § 1441(b) bars removal when "any of the parties in interest properly joined **and served**
2  as defendants" is a forum defendant, snap removal allows a nonforum defendant to remove an
3  action before the diversity-defeating forum defendant is served. Although the Ninth Circuit has
4  not endorsed the practice, several other circuit courts have. *See, e.g., Texas Brine Co., L.L.C. v.*
5  *Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb*
6  *Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d
7  147, 153 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813, n. 2 (6th Cir. 2001).

8  Here, the parties agree that Ticor Title of Nevada is a Nevada corporation and, therefore,
9  a forum defendant. Chicago Title argues that its removal was a proper snap removal because
10 Ticor Nevada had not yet been served. Thus, if Chicago Title's snap removal was proper, this
11 court has jurisdiction. If it was not, then remand is necessary.

12 In this case, the court need not—and does not—decide whether snap removals are
13 generally allowable in this district. Instead, the court finds that Chicago Title's snap removal
14 was procedurally defective because Chicago Title removed this action before it was served.

15 Although not binding on this court, Judge Woodlock's detailed discussion of snap
16 removal in *Gentile v. Biogen Idec, Inc.* is persuasive. 934 F. Supp. 2d 313 (D. Mass. 2013). In
17 *Gentile*, no defendant had been served prior to the nonforum defendant's removal. *Id.* Judge
18 Woodlock acknowledged that "[d]istrict courts are in disarray on the question presented by this
19 case," but ultimately adopted Judge O'Kelley's analysis in another case, *Hawkins v. Cottrell,*
20 *Inc.*, 785 F. Supp. 2d 1361 (N.D. Ga. 2011). *Id.* at 316. Although *Hawkins* was decided prior to
21 the 2011 amendment of § 1441(b), Judge Woodlock found that "[t]he amendments to section
22 1441(b) do not change the statute's plain meaning." *Id.* at 318.

---

[3] Several courts across the country have noted that the ubiquity of electronic docketing has also contributed to the rise in snap removals. *See, e.g., Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1377 (N.D. Ga. 2018) ("Now referred to as snap removals, this litigation tactic has become increasingly popular in recent years due in part to the increased ease of electronic docket monitoring."); *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1243 (E.D. Mo. 2012) ("Pre-service removal **by means of monitoring the electronic docket** smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." (emphasis added)).

**James C. Mahan**
**U.S. District Judge**

- 4 -

In particular, the use of the word "any" in "any parties in interest properly joined and served" necessarily meant "that the statute assumes at least one party has been served; ignoring that assumption would render a court's analysis under the exception nonsensical and the statute's use of 'any' superfluous." *Id.* Thus, under the plain language of the statute, "the lack of a party properly joined and served does not mean an 'exception' to removal is inapplicable, but rather means that an even more basic assumption embedded in the statute—that a party in interest had been served prior to removal—has not been met." *Id.* Judge Woodlock concluded, after an extensive recitation of the history and policy behind removal, as follows:

> Precluding removal until at least one defendant has been served protects against docket trolls with a quick finger on the trigger of removal. Under the reading I have given to section 1441(b) here, plaintiffs legitimately seeking to join a forum defendant face the modest burden of serving that defendant before any others. If a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint. And, even when a forum defendant is served first, my reading anticipates a situation in which an unserved non-forum defendant may remove following service on a forum defendant, in hopes of arguing that joinder of the forum defendant was fraudulent. This reading of the statute thus accommodates the clear congressional purpose animating section 1441(b)—preventing abuse by plaintiffs in forum selection—while also closing an unintended loophole incentivizing parallel abuse by defendants seeking to escape a state forum in which a co-defendant is a citizen, all without doing violence to the plain language of the statute.

*Id.* at 322–23.

The court agrees with Judge Woodlock and adopts the same reasoning. Thus, Chicago Title could not remove prior to being served. The possibility of snap removal notwithstanding, Chicago Title's removal in this case was procedurally defective.

Accordingly, the court finds that remand is appropriate unless Ticor Nevada, the forum defendant, was fraudulently joined.

**B. Fraudulent joinder**

Before the court may remand this case, however, it must address Chicago Titles remaining argument. Chicago Title believes that Ticor Nevada, which acted "simply as the title

James C. Mahan
U.S. District Judge

- 5 -

agent with respect to the issuance of the title policy," was fraudulently joined in this action to improperly thwart removal. (ECF No. 40 at 13–16).

An exception to the requirement of complete diversity exists where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citations omitted). "Fraudulent joinder is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

"If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe*, 811 F.2d at 1339; *see also Ritchey*, 139 F.3d at 1318 ("[A] defendant must have the opportunity to show that the individuals joined in the action **cannot be liable on any theory**." (emphasis added)). Conversely, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court **must** find that the joinder was proper and remand the case to the state court." *GranCare, LLC*, 889 F.3d at 548 (bold emphasis added; italic emphasis in original).

"Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The Ninth Circuit has "made it clear that the party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against fraudulent joinder.'" *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter*, 582 F.3d at 1046).

Here, Chicago Title argues that Carrington failed to allege claims against Ticor Nevada as a "title agent," which is defined by NRS 692A.060, as opposed to a "title insurer," as defined by NRS 692A.070. (ECF No. 40 at 13). Thus, Chicago Title urges that Ticor Nevada is not a

James C. Mahan
U.S. District Judge

- 6 -

party to the insurance contract, owed no contractual duties to Carrington, and therefore cannot be held liable on any of Carrington's currently pleaded theories.  *Id.* at 14.  However, Carrington contends (1) "Ticor [Nevada] was a signatory to the policy and explicitly listed as the insuring company" and (2) "to the extent Ticor [Nevada] was not an insurer, Carrington should be able to amend its complaint to reflect allegations against Ticor Title as an agent."  (ECF No. 43 at 7–8).

Chicago Title posits that granting Carrington leave to amend its complaint to allege claims against Ticor Nevada as a title agent would be futile.  (ECF No. 40 at 14).  Carrington disagrees, arguing it has standing because it "stands in the original lender's shoes with respect to the policy."  (ECF No. 43 at 8).  Carrington further argues that its claims against Ticor Nevada as an agent would not be time-barred.  *Id.* at 8–9.

The court finds that Chicago Title has not borne its "heavy burden" to show, by clear and convincing evidence, that Carrington's failure to state a cause of action against Ticor Nevada is obvious according to the settled rules of the state.  Carrington's complaint alleges that Ticor Nevada was a signatory and insurer under the policy.  (ECF No. 1-2 at 2–3).  Carrington now argues that "[p]erhaps Ticor Title made a mistake by including itself as an insurer on the policy.  If so, it may have defenses against Carrington's claims.  But that does not mean Carrington fraudulently joined it."  (ECF No. 13 at 8).  Further, the purported defect in Carrington's complaint is only that it treats Ticor Nevada as a title insurer rather than a title agent.  Even assuming the truth of this argument, Ticor Nevada may be liable on another state law theory in light of the possibility of fruitful amendment to Carrington's complaint.

While plaintiff may not ultimately recover against [defendant], this does not mean that [defendant] was fraudulently joined.  In assessing whether a defendant was fraudulently joined, the court need not look extensively at the merits of the claims . . . ."  *Milligan v. Wal-Mart Stores, Inc.*, No. 2:14-CV-1739 JCM CWH, 2014 WL 7240162, at *3 (D. Nev. Dec. 18, 2014) (citation omitted).  The court finds that there is a *possibility* that a state court would find that the complaint states a cause of action against Ticor Nevada.

James C. Mahan
U.S. District Judge

- 7 -

Accordingly, the court finds that Ticor Nevada is not fraudulently joined and, as a result, defeats diversity jurisdiction under the forum defendant rule. Remand is necessary, and the court grants Carrington's motion.

### C. Attorneys' fees

Under the "American rule," litigants generally must pay their own attorneys' fees in the absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). One such statute is 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under this provision, the decision whether to award attorney's fees "is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

That is not to say the courts' discretion is unlimited. *See id.* at 139–140 ("Discretion is not whim," but should be "guided by sound legal principles."). The Supreme Court has held that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* While the Supreme Court has not defined what makes removal objectively unreasonable, the Ninth Circuit has looked to the clarity of the relevant law at the time of removal. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) ("[T]he test is whether the relevant law clearly foreclosed the defendant's basis of removal.").

In light of the foregoing discussion, the court notes that the law pertaining to snap removal is unsettled. Thus, the court finds that Chicago Title's removal was reasonable and declines to award Carrington attorneys' fees. Carrington's motion is denied.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Carrington's motion to remand (ECF No. 13) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 8 -

IT IS FURTHER ORDERED that Carrington's motion for attorneys' fees (ECF No. 14) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the matter of *Carrington Mortgage Service, LLC v. Ticor Title of Nevada, Inc. et al.*, case number 2:20-cv-00699-JCM-NJK, be, and the same hereby is, REMANDED to the Eighth Judicial District Court in Clark County, Nevada.

DATED July 10, 2020.

                                                                         _____
                                                                         UNITED STATES DISTRICT JUDGE